**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-22976-CV-ALTONAGA/GOODMAN**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.

**ASSETS DESCRIBED AND LISTED IN ATTACHMENT A,**

      **Defendants *In Rem*.**
_____/

**ARMANDO FALCON, and
BELLA WORLDWIDE CORPORATION,**

      **Third-Party Claimants.**
_____/

**AGREED-UPON MOTION FOR APPROVAL OF STIPULATION AND AUTHORIZING INTERLOCUTORY SALE OF CERTAIN DEFENDANT PROPERTIES**

Pursuant to Rule G(7) of the Supplemental Rules of Certain Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), Plaintiff, the United States of America, by and through its undersigned counsel, ("Plaintiff" or the "United States") requests that the Court approve the attached Stipulation Regarding Interlocutory Sale of Certain Properties and authorize the interlocutory sale of two real properties sought for forfeiture in the above-captioned matter. In support of its motion, the United States submits the following:

1. On or about February 2, 2019, the United States and Claimants Armando Falcon ("Claimant Falcon") and Bella Worldwide Corporation ("Claimant Bella Worldwide") (collectively, the "Parties") entered into the attached Stipulation Regarding Interlocutory Sale of

Certain Defendant Properties, which provides for the interlocutory sale of the following real properties (collectively, the "Subject Properties"):

    (i)    5555 Collins Avenue, Unit 12A, Miami Beach, Florida 33140 ("Defendant Property 1"); and

    (ii)    12210 SW 103rd Terrace, Miami, Florida 33186 ("Defendant Property 2").

2.    The Court may approve such interlocutory sale pursuant to Rule G(7) of the Supplemental Rules, which states:

> (7) Preserving, Preventing Criminal Use, and Disposing of Property; Sales.
>
>     (a) Preserving and Preventing Criminal Use of Property. When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.
>
>     (b) Interlocutory Sale or Delivery.
>         (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
>             (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>             (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>             (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>             (D) the court finds other good cause.
>         (ii) Who Makes the Sale. A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.
>         (iii) Sale Procedures. The sale is governed by 28 U.S.C. §§2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.
>         (iv) Sale Proceeds. Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.
>         (v) Delivery on a Claimant's Motion. The court may order that the property be delivered to the claimant pending the conclusion of the action if the claimant shows circumstances that would permit sale under Rule G(7)(b)(i) and gives security under these rules.

        (c) Disposing of Forfeited Property. Upon entry of a forfeiture judgment, the property or proceeds from selling the property must be disposed of as provided by law.

Supp. R. G(7).

3.      Here, Claimant Bella Worldwide and Claimant Falcon, through their counsel, have indicated to the undersigned counsel that taxes and other maintenance costs, including condominium fees for Defendant Property 1, continue to accrue and cannot be readily paid absent the sale of the Subject Properties.

4.      In addition, the Parties are currently in settlement negotiations and believe the sale of the Subject Properties would facilitate such negotiations.

5.      Accordingly, there is a risk of dissipation due to expense of keeping the Subject Properties and taxes owed on them as well as good cause to authorize the interlocutory sale of the Subject Properties.

WHEREFORE, pursuant to Rule G(7) of the Supplemental Rules, the United States, with agreement from Claimant Bella Worldwide and Claimant Falcon, respectfully requests the entry of the attached order approving the Stipulation Regarding Interlocutory Sale of Certain Defendant Properties and authorizing the interlocutory sale of the Subject Properties.

                                  Respectfully submitted,

                                  ARIANA FAJARDO ORSHAN
                                  UNITED STATES ATTORNEY

By:    *s/ Nalina Sombuntham*
          Nalina Sombuntham
          Assistant United States Attorney
          Fla. Bar No. 96139
          99 N.E. 4th Street, 7th Floor
          Miami, Florida  33132-2111
          Telephone:  (305) 961-9224
          Facsimile:    (305) 536-7599
          nalina.sombuntham2@usdoj.gov

## LOCAL RULE 88.9 CERTIFICATION

The undersigned counsel for the United States hereby certifies that on or about November 28, 2018, December 10, 2018, and January 4, 2019, the undersigned counsel sent, via e-mail, current counsel for Claimant Bella Worldwide and Claimant Falcon, a draft copy of this motion and proposed order. On January 6, 2019, counsel for Claimants indicated that he agreed to the proposed order, and later provided, through U.S. mail, an executed copy of the accompanying stipulation.

*s/ Nalina Sombuntham*
Nalina Sombuntham
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on February 2, 2019, on all parties of record on the Service List.

*s/ Nalina Sombuntham*
Nalina Sombuntham
Assistant United States Attorney